

**ORIGINAL**

FILED IN OPEN COURT
U.S.D.C. - Atlanta

JUL 18 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

PRESLEY IHIMEKPEN
BRIGHT EIGBEDION
SHERLYN SIMS A/K/A SHERLYN
DZINZI

Criminal Indictment

**1:23CR-192**

**UNDER SEAL**

THE GRAND JURY CHARGES THAT:

## Count One
### (18 U.S.C. § 1956(h) – Money Laundering Conspiracy)

1. Beginning no later than in or about April 2018 and continuing until in or about August 2020, the exact dates being unknown, in the Northern District of Georgia and elsewhere, the defendants, **PRESLEY IHIMEKPEN, BRIGHT EIGBEDION, SHERLYN SIMS a/k/a SHERLYN DZINZI,** ██████████ ██████████, Elvis Ogiekpolor, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, agree, and have a tacit understanding with each other and others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

   (a) to knowingly conduct and attempt to conduct, and cause to be conducted, financial transactions affecting interstate and foreign commerce, which involved the proceeds of a specified unlawful

activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343, knowing that said transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and while conducting and attempting to conduct such financial transactions, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) to knowingly engage and attempt to engage, and cause the engagement in, monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343, all in violation of Title 18, United States Code, Section 1957.

## Background

At all times relevant to this Indictment:

2. A "business email compromise" (BEC) is a type of computer intrusion that occurs when an employee of a company is tricked into interacting with an email

message that appears to be, but is not, legitimate. The illegitimate email usually contains either an attachment or link to a malicious website. Clicking on either will release malicious software (known as "malware") that subsequently infects the employee's email account and/or computer. Frequently, the malware spreads throughout the company's entire computer network. The malware, once executed, can harvest information, including login credentials, and give the intruding party access to sensitive company information, such as email correspondence, which can then be used to defraud the victim company.

3. In one common BEC scheme, an intruder monitors incoming and outgoing email messages to determine when a large financial transaction is scheduled to take place. After an initial transfer or wiring instruction is conveyed between legitimate parties to the transaction, the intruder sends a fraudulent follow-up email that appears to be coming from the original legitimate sender. This "spoofed" email contains a change of plans, often instructing that the money to be wired instead go to a different account—one that is controlled by the intruder, or a conspirator of the intruder, and that is set up for the purpose of receiving and redirecting funds acquired illegally from the BEC scheme.

4. A "romance scam" is a type of online fraud that occurs when an individual user of an internet dating website is targeted for fraud by an imposter posing as a potential paramour. The scammer creates a fake online dating profile that often depicts photographs of an attractive man or woman alongside descriptions of the fictitious persona. The scammer then uses this fake persona to express strong romantic interest in the targeted victim in order to trick him or her into sending

3

money to the scammer under false pretenses. The scammer frequently targets vulnerable individuals who possess significant financial assets, such as retired widows or widowers. The scammer spends weeks and months cultivating romantic relationships with the targeted victims through online messaging, emails, text messaging, or voice calls, in order to gain their affection and trust. Once an online relationship is formed with the victim, the scammer tricks the dating website victim into sending money through interstate wire transfers to bank accounts controlled by the scammer or his or her conspirators, or mailing checks or cash to addresses associated with the conspirators.

5. In one common romance fraud scheme, the scammer, posing as the fake paramour, provides the targeted victim with an elaborate false story about how he or she is working overseas and in need of money to travel back to the United States. In other instances, the scammer claims he or she need funds to complete business deals abroad. In certain cases, the scammer refers the targeted victim to other conspirators posing as business associates of the scammer, who then corroborate the elaborate stories.

## Manner and Means

6. Defendants **IHIMEKPEN, EIGBEDION, SIMS**, and ███ received instructions from unknown co-conspirators regarding the receipt and transfer of funds obtained through fraud, including from BECs and romance scams, perpetrated against individuals and businesses located throughout the United States.

4

7. Defendants **IHIMEKPEN, EIGBEDION, SIMS**, and ▓▓▓▓ and other known and unknown conspirators, provided the money laundering infrastructure that allowed the unlawfully obtained funds to be received and distributed throughout the United States and overseas.

8. Defendants **IHIMEKPEN, EIGBEDION, SIMS,** ▓▓▓▓ and known and unknown conspirators communicated with one another through mobile application messaging and other means to coordinate their activities and work together to launder funds obtained through various fraud schemes.

9. Defendants **IHIMEKPEN, EIGBEDION, SIMS,** ▓▓▓▓ and other known and unknown conspirators registered multiple sham corporate entities, including Oarhi Trading, LLC, Grace Trading, LLC, Keewave Global Services, LLC, and Maria Orihuela d/b/a M&J Trading, none of which engaged in any legitimate business but were rather established for the purpose of opening fraudulent bank accounts to receive the proceeds of the various fraudulent schemes. The sham corporate entities did not have physical premises, earn legitimate income, or pay wages to employees.

10. Defendants **IHIMEKPEN, EIGBEDION, SIMS,** ▓▓▓▓ and other known and unknown conspirators opened at least 13 bank accounts in the names of the sham corporate entities at multiple financial institutions in the Northern District of Georgia and elsewhere, including America First Credit Union, Bank of America, JPMorgan Chase, Mountain America Credit Union, Truist (formerly SunTrust and BB&T), and U.S. Bank, specifically for the purpose

of receiving funds acquired from fraudulent schemes, including, but not limited to, BEC and romance fraud schemes.

11. If a financial institution closed or froze one of the bank accounts because of suspected fraudulent activity, the defendants would establish a new bank account at a different financial institution in the name of the sham corporate entity. Accordingly, the defendants caused multiple bank accounts to be opened for each of the sham corporate entities to receive the proceeds of fraudulent activity.

12. Victims of the BEC and romance scams had been directed by unknown conspirators to send funds via wire transfer to the bank accounts opened in the names of the sham corporate entities and controlled by the defendants and other conspirators, known and known, which were ultimately deposited into one or more of the bank accounts controlled by one of the defendants.

13. When funds obtained through the various frauds were received and deposited into the bank accounts opened in the names of the sham corporate entities, the defendants, and other known and unknown conspirators, quickly dispersed and attempted to disperse those illegally obtained funds by making interstate and foreign wire transfers to other bank accounts not associated with the fraud schemes, and by making cash or check withdrawals. Defendant **IHIMEKPEN** often directed defendants **EIGBEDION**, **SIMS**, and ▮▮▮▮▮▮▮▮ where to transfer and send the fraud proceeds. By doing so, the defendants attempted to conceal and did conceal the source of the funds obtained illegally through the BEC and romance scams.

6

14. In furtherance of the conspiracy, the defendants and others laundered and attempted to launder at least $4.5 million in fraud proceeds.

All in violation of Title 18, United States Code, Section 1956(h).

## Counts Two through Three
### (18 U.S.C. § 1957 – Money Laundering)

15. The factual allegations contained in Paragraphs One through Fourteen of this Indictment are re-alleged and incorporated as if fully set forth herein.

16. On or about the dates listed below, in the Northern District of Georgia and elsewhere, the defendants, **PRESLEY IHIMEKPEN** and **SHERLYN SIMS a/k/a SHERLYN DZINZI**, aided and abetted by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343:

| Count | Date | Transaction Type | Originating Account | Payee/Recipient | Amount |
|---|---|---|---|---|---|
| 2 | 2/13/2020 | International Wire | JPMC x3875 | Hua Xia Bank CO, Limited, Beijing, China | $26,100 |
| 3 | 3/31/2020 | International Wire | JPMC x3875 | Industrial Bank CO LTD Fuzhou, China | $21,500 |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

## Counts Four through Seven
### (18 U.S.C. § 1957 – Money Laundering)

17. The factual allegations contained in Paragraphs One through Fourteen of this Indictment are re-alleged and incorporated as if fully set forth herein.

18. On or about the dates listed below, in the Northern District of Georgia and elsewhere, the defendant, **PRESLEY IHIMEKPEN**, aided and abetted by others known and unknown to the Grand Jury, did knowingly engage and attempt to engage in the following monetary transactions by, through, and to a financial institution, affecting interstate and foreign commerce, knowing that such transactions involved criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343:

| Count | Date | Transaction Type | Originating Account | Payee/Recipient | Amount |
|---|---|---|---|---|---|
| 4 | 10/18/2018 | Wire | SunTrust x4676 | First American Bank and Trust | $30,000 |
| 5 | 11/29/2018 | Withdrawal | JPMC x3620 | Cash | $15,000 |
| 6 | 3/28/2019 | Official Check | SunTrust x4316 | Copart | $16,066 |
| 7 | 5/2/2019 | Official Check | SunTrust x4316 | Individual G.C. | $10,200 |

All in violation of Title 18, United States Code, Section 1957 and Section 2.

8

## Forfeiture Provision

19. Upon conviction of the offenses alleged in Counts One through Seven of this Indictment, the defendant, **PRESLEY IHIMEKPEN**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to said violations, including, but not limited to, the following:

    (a) MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of Counts One through Seven of the Indictment.

20. Upon conviction of the offenses alleged in Counts One through Three of this Indictment, the defendant, **SHERLYN SIMS a/k/a SHERLYN DZINZI**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to said violations, including, but not limited to, the following:

    (a) MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of Counts One through Three of the Indictment.

21. Upon conviction of the offense alleged in Count One of this Indictment, the defendants, **BRIGHT EIGBEDION** and ███████████, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is

9

derived from proceeds traceable to said violation, including, but not limited to, the following:

    (a) MONEY JUDGMENT: A sum of money in United States currency, representing the amount of proceeds obtained as a result of Count One of the Indictment.

22. If, as a result of any act or omission of the defendant, any property subject to forfeiture:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without undue complexity or difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

A _____True_____ BILL

_____[signature]_____
FOREPERSON

RYAN K. BUCHANAN
*United States Attorney*

ALEX R. SISTLA
*Assistant United States Attorney*
Georgia Bar No. 845602

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181